WALTER BAKER & CO., Limited, v. BAKER (two cases).

(Circuit Court, S. D. New York.   May 13, 1898.)

Nos. 6,439 and 6,440.

1. TRADE-NAMES—UNFAIR COMPETITION—USE OF ONE'S OWN NAME.
   One entering a particular trade may not use his own name in a way calculated to cause confusion between his own goods and those of an old established manufacturer, having the same name.[1]

2. SAME—POPULAR DESIGNATION OF GOODS.
   When a manufacturer's goods have become known to the trade and to commerce as "Baker's Chocolate," "Baker's Cocoa," and "Baker's Breakfast Cocoa," another also bearing the name "Baker," subsequently entering the trade, may not use, to designate his goods, those combinations of words, with or without the addition of other words or names.

These were suits in equity by Walter Baker & Co., Limited, against William P. Baker, to restrain unfair competition by use of trade-names.

Wm. Lowell Putnam and Rowland Cox, for complainant.
John Vincent, for defendant.

SHIPMAN, Circuit Judge.   These are bills in equity brought by Walter Baker & Company, Limited, a corporation under the laws of the state of Massachusetts, and a citizen of that state, and located in Dorchester therein, against William P. Baker, of the city and state of New York, to restrain that use of trade names and trade designations upon his packages of unsweetened chocolate and his packages and cans of powdered cocoa, which decoys the purchaser into the belief that he is purchasing the article manufactured by the complainant, and which was devised for that fraudulent purpose.   The questions in respect to the unfair use of the complainant's name by persons who also bear the name of "Baker," and who seek, by the use of their own name in a way which simulates the manner and form in which the complainant and its predecessors have long used the name, to gain artificially the reputation which the complainant's goods have acquired, have been before the courts of the United States in the Western district of Virginia, and in this circuit.   Walter Baker & Co. v. Sanders, 26 C. C. A. 220, 80 Fed. 889.

The important facts in the cases now before this court can be compactly stated: The complainant is the successor of James Baker in the manufacture of bitter chocolate, who is alleged in the complaint to have commenced such manufacture in Dorchester about the year 1780.   It is proved that since 1845 and the death of Walter Baker, who, in his lifetime, was the owner of the business, the manufacture has been carried on under substantially the name of the present corporation, and that the complainant is the owner of the good will of the business, and has the exclusive use of the stamps, brands, and

---

[1] For elaborate notes on the "Right to Use One's Own Name," see note to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579, and supplementary note to Kathreiner's Malzkaffee Fabriken Mit Beschraenkter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 351.

names "W. Baker," "W. Baker & Co.," "Walter Baker," and "Walter Baker & Co.," in the manufacture and sale of chocolate and powdered cocoa. The complainant and its predecessors have been the leading manufacturers in this country of chocolate and cocoa articles for domestic use. Their products are the most popularly and widely known and sold, and are generally spoken of by the trade and by consumers as "Baker's Chocolate" and "Baker's Cocoa." The chocolate cakes have been uniformly, for the last 40 years, presented to the public in rectangular form, inclosed in a blue wrapper, which had a yellow label, bearing upon it, conspicuously, the words "Baker's Chocolate." Upon the bottom of the label the words "W. Baker & Co., Dorchester, Mass.," were formerly used. At present the label has the words "Made by Walter Baker & Co., Limited." The defendant's testimony was taken in April, 1897. He had then been a wholesale grocer in the city of New York for about seven or eight years. Before that time he was a dealer in tea and coffee. In September, 1896, he commenced to buy chocolate from the Brewster Company, of Newark, in 10-pound cakes, and has since continued to buy such cakes from that company, and from Crane & Martin. He remolded these cakes into rectangular half-pound cakes of the customary size and shape, wrapped each cake in a blue wrapper, put upon the wrapper a buff or salmon colored label, having upon it conspicuously, in script, the words "W. P. Baker's," followed by "No. 1 Extra Chocolate." At the bottom of the label were the words, "W. P. Baker, New York, U. S. A." This article has been freely sold, and has come into the stock of retail dealers. It has been delivered by them to purchasers as "Baker's Chocolate," and has been sold in response to requests for "Baker's Chocolate," and in one instance it was offered to a retail dealer by a traveling salesman as Baker's goods. The manner in which the defendant buys and remolds, wraps, and labels the goods which he purchases, shows that he adopted his label for the purpose of gaining surreptitiously the reputation which Baker's chocolate or Baker's goods possess, and for the purpose of deceiving the consumer into the belief that his order for an article of known value was being complied with. It is said that he has not been shown to have deceived any one, or to have instigated a deception, but that he has testified that he uniformly asks his customers if they want his goods as distinguished from those of the complainant. The reply to these suggestions and to this testimony is that he intentionally uses his name as a manufacturer of chocolate in the same way that the complainant and its predecessors have long been accustomed to use their name as manufacturers of the same article, and that he has thus intentionally presented his article to the public under a form of words which would naturally lead the purchaser to believe that it was the complainant's manufacture. The well-known short name by which the public styles the article of the complainant is "Baker's Chocolate," and thus the public regards what is presented under that name as the complainant's article, and associates the name with a particular factory of long existence and permanence. The defendant has a right to manufacture chocolate, and to acquire his own reputation under his own

name, but not to use the name so as to deceive the purchaser. When he presents his article as W. P. Baker's Chocolate, he not only improperly works mischief to the pre-existing manufacturer, but he wrongs the public, because he does not accompany his name "with such indications that the thing manufactured is the work of the one making it as will unmistakably inform the public of that fact." Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002. While, therefore, he can clearly inform purchasers that the package contains chocolate which William P. Baker, of New York, made, the words "W. P. Baker's Chocolate" are inadmissible, because that style of presentation has become identified in the mind of the public with the manufacture of the complainant. "So long as the title contains the words which in trade and among consumers have come to be the every-day designation of complainant's goods, the chocolate so labeled will naturally be assumed to be complainant's, unless special care be taken to indicate that it is not." Walter Baker & Co. v. Sanders, supra.

Let there be a decree for an injunction, with costs against the defendant and his agents and servants, in the following form: (1) From using in connection with the business of making or selling chocolate, on labels, wrappers, cans, boxes, cakes, molds, signs, letter heads, bill heads, or advertisements, or in any other manner whatsoever, the word "Baker," "Baker's," or "Bakers," alone, or the word "Baker," "Baker's," or "Bakers" (whether the same be or be not coupled with other names or initials) in such a collocation with the word "Chocolate" (whether the same be or be not coupled with some further descriptive word or words) as to indicate that the chocolate so made or sold is a variety of "Baker's Chocolate." But defendant may indicate thereon, in appropriate language, that the chocolate is made or prepared for or sold by "William P. Baker, of New York." (2) From using, as aforesaid, the initial "W.," in combination with the name "Baker"; but the defendant may use his full name, "William Phillips Baker," or "William P. Baker," in conformity with this decree; and also for an accounting. The second clause of the form of injunction order is in addition to that contained in the Sanders Case, where the defendant was permitted to use his initials. There was testimony in the Virginia case in regard to the long use by the defendant of his initials, and the fact that he had become known by the initials of his Christian name, which does not exist in this case, and I do not perceive any good reason why a newcomer in the chocolate business, who desires to use his own name of "Baker," should use it in the form which most closely resembles the well-known name of another manufacturer. Under the name of "William P. Baker," the defendant can gain his own reputation, and enjoy the benefit of his own name.

The bill in equity No. 6,439, by the same complainant against the same defendant, was to restrain unfair competition in the use of the complainant's name and distinctive dress or insignia upon tin cans of powdered cocoa, which the complainant has styled

"Breakfast Cocoa" for 15 years, and which it and its predecessors have manufactured and presented to the public under their own name for 25 years. It is a newer preparation of cocoa than chocolate, and the precise date when the Dorchester factory commenced to make it does not appear. The complainant's can is made with slightly rounded corners, and has upon one of its broadest sides the words, "Walter Baker & Co. L't'd. Breakfast Cocoa;" and the same words are employed upon the top of its can. The defendant has upon the corresponding side of his can the words, "W. P. Baker's Breakfast Cocoa;" and the same words are embossed upon the top of his can. He buys his cocoa roasted, reduced to powder, and packed loosely in barrels, from the Brewster Cocoa Manufacturing Company; and he repacks the article thus received, in half-pounds cans, applies the labels, and places the cans upon the market. The facts which have been already stated in the chocolate case are true and are applicable to this case. The intent of the defendant, his acts and the result of his acts, are the same. The complainant has no exclusive right to the word "Breakfast" disconnected from its name. The testimony in this case does not lead me to think that the use of the mere shape of the complainant's can, provided the labels are so distinctive as not to create unfair competition, should be enjoined. The practical difficulty in this class of cases is to compel the newcomer into the chocolate or cocoa market to swing clear of the complainant, and to use his name in such a way as unmistakably and intentionally to show that he is not the well-known manufacturer; in other words, to carry to a successful result "a bona fide effort to accentuate the differences" with respect to the origin of the two products, and thus to acquire a reputation for his own genuine work. In this case, the label, and not the mere shape of the half-pound can, is the important thing for the relief of the complainant.

Let there be a decree for an injunction, with costs, against the defendant, his agents and servants, in the following form: (1) From using in connection with the business of making or selling cocoa, on labels, wrappers, cans, boxes, signs, letter heads, bill heads, or advertisements, or in any other manner whatsoever, the word "Baker," "Baker's," or "Bakers" alone, or the word "Baker," "Baker's," or "Bakers" (whether the same be or be not coupled with other names or initials) in such a collocation with the word "Cocoa" (whether the same be or be not coupled with some further descriptive word or words) as to indicate that the cocoa so made or sold is a variety of "Baker's Cocoa." But defendant may indicate thereon in appropriate language that the cocoa is made or prepared for or sold by "William P. Baker, of New York." (2) From using as aforesaid the initial "W." in combination with the name "Baker"; but defendant may use his full name, "William Phillips Baker," or "William P. Baker," in conformity with this decree. (3) From using on or in connection with the sale of powdered cocoa the words "Baker's Cocoa," "W. P. Baker's Cocoa," "William P. Baker's Cocoa," or any like description of his cocoa; and from using cans of the same shape as those of the complainant in com-

bination with the name "Baker" or "W. P. Baker" or "William P. Baker's" as applied to the cocoa contained therein; and from applying to such powdered cocoa on cans or labels, or in circulars, price lists, advertisements, or in any manner whatsoever, the connected name "Breakfast Cocoa" in connection with the name "Baker," or any name of which the word "Baker" forms a part; and also for an accounting.